IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Jeanne Shaw, etc., *et al.*,                                         Case No. 3:05CV7303

                    Plaintiffs,

          v.                                                                    ORDER

Selective Ins. Co. of the Southeast, *et al.*,

                    Defendants.


        This is a declaratory judgment action that has been removed to this court after having

been filed in the Court of Common Pleas for Auglaize County, Ohio. Plaintiffs are the estate and

parents of a twelve-year old schoolgirl who was struck and killed by an underinsured motorist.

The child had alighted from a school bus operated by the Waynesfield-Goshen Local School

District just before she was hit.

        After the case was removed to this court, the plaintiffs learned through initial discovery

that the school district and another non-diverse party, Southwestern Ohio Purchasing Council,

are named insureds under the policy. The policy provides underinsured motorists coverage of

$1,000,000.

        Plaintiffs filed an amended complaint adding these non-diverse parties as defendants.

Thereon, plaintiffs filed a motion to remand.

        Defendants oppose the motion, contending that the newly-joined defendants are

"nominal" parties whose addition to the suit does not defeat diversity. *See generally SHR Ltd.

Partnership v. Braun,* 888 F.2d 455, 456-57 (6th Cir. 1989) ( "'a federal court must disregard

nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the

controversy.'") (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)).

Plaintiffs claim the newly joined, nondiverse defendants are not nominal parties, but

rather that they, as named insureds, have a stake in the outcome of this suit.

The parties may not have characterized the issue raised by plaintiffs' remand motion

accurately. As I held in another case involving post-removal joinder of a non-diverse defendant:

> "When a non-diverse party has been joined as a defendant, ... the removing party
> may avoid remand only be demonstrating that the non-diverse party was
> fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904,
> 907 (6th Cir. 1999) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d
> Cir. 1992)). Under the doctrine of fraudulent joinder, the inquiry is whether there
> is at least a colorable claim against the non-diverse party in state court. *Alexander
> v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). In other words,
> "the question is whether there is arguably a reasonable basis for predicting that
> the state law might impose liability on the facts involved." *Id.* (quoting *Bobby
> Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).
> "[I]f there is a colorable basis for predicting that a plaintiff may recover against
> non-diverse defendants," the action must be remanded to state court. *Coyne v.
> American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

*Jones v. Woodmen Acc. & Life Ins. Co.*, 112 F. Supp. 2d 676, 678 (N.D. Ohio 2000).

It thus appears that the dispositive issue raised by plaintiffs' remand motion is "'whether

there is arguably a reasonable basis for predicting that the state law might impose liability on the

facts involved'" so that, "'if there is a colorable basis for predicting that a plaintiff may recover

against non-diverse defendants,'" remand is necessary.

Before proceeding to try to assay  whether 1) my view that the dispositive question is not

whether the newly added non-diverse parties are "nominal" [whatever that means], and, if so, 2)

plaintiffs present "a colorable basis for predicting" that someone in this suit might recover

2

anything from the newly joined non-diverse parties, I am considering directing the parties to do further research and submit supplemental briefs on, *inter alia*, the following questions:

1. What defines a "nominal" party for purposes of determining whether remand is proper;

2. How do the newly joined, non-diverse parties fit that definition;

3. On what legal theory or theories can the newly joined non-diverse parties be found liable to anyone else in this case; and

4. Have the plaintiffs shown a colorable basis for predicting that such liability might result from the facts giving rise to this action?

One aspect of the underlying facts leaves me confused: was the schoolgirl an insured under the policy? This seems to me to be a threshold question that is neither raised nor addressed in the briefs presently before me. If she was not an insured, how do her estate and parents have a claim against anyone under the UIM provisions of the policy?

There may be no dispute about the plaintiffs' right to pursue such claim. In which case, it seems likely that the newly-joined parties would seem to have enough at stake to place them at risk of adverse financial consequences from this litigation. In which case, as well, they would hardly seem to be "nominal" parties.

Perhaps that question should be addressed first. If there is no basis on which the plaintiffs can recover under the policy because the child was not an insured or otherwise covered, then the likelihood that the anyone can recover against the newly joined non-diverse parties seems slight, and remand would not seem proper.

Before supplemental briefing is ordered, a telephonic pretrial conference shall be held so that I can respond to any questions the parties may have about the foregoing. Not being versed in the vagaries of Ohio UIM law, I may be raising questions that counsel can answer easily and dispositively. If so, further briefing may not be required. If not, it may be.

In any event, some discussion may help to clarify what the disputed issues are, and further briefing, if ordered, should help me better understand those issues.

It is, therefore,

ORDERED THAT  a telephone pretrial conference is scheduled for March 17, 2006 at 12:30 p.m.

So ordered.


s/James G. Carr
James G. Carr
Chief Judge