IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeanne Shaw, Admin.,                              Case No. 3:05CV7303

        Plaintiff,

   v.                                            ORDER

Selective Insurance Company
   of the Southeast, *et al.*,

        Defendants.


This is a suit by the administratrix of the estate of a child who was killed as she was walking from a school bus to her home. Plaintiff claims that the estate is entitled to uninsured/underinsured [UIM] coverage under a policy issued to the child's school district.[1]

Defendant Selective Insurance Company of the Southeast removed the case from the Auglaize County, Ohio, Court of Common Pleas to this court. In an amended complaint, the plaintiff thereafter joined the Southwestern Ohio Purchasing Council and the child's school district, the Waynesfield-Goshen Local School District. The basis for joinder was that the additional defendants are named insureds under the policy.

Because, if the additional defendants are properly joined, there would not be diversity of citizenship between the parties, the plaintiff has moved to remand this case to state court. Defendants oppose the motion, which shall, for the reasons that follow, be denied.


**Discussion**

---

[1] The defendants contend that the plaintiff's daughter was not an insured under the policy. That dispute does not affect the outcome of the pending motion to remand.

Once a non-diverse party has been joined, remand to state court is permissible. *Jones v. Woodmen Acc. & Life Ins. Co.*, 112 F. Supp. 2d 676, 678 (N.D. Ohio 2000). However, remand is avoidable if the defendants demonstrate:

> "that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). Under the doctrine of fraudulent joinder, the inquiry is whether there is at least a colorable claim against the non-diverse party in state court. *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). In other words, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Id.* (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). "[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants," the action must be remanded to state court. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

*Jones*, 112 F. Supp. 2d at 678.

The determinative issue is whether the plaintiff has asserted at least a "colorable claim" against the newly joined defendants. The only allegation on which the new defendants are joined is that they have an interest in the case by virtue of their status of named insureds under the policy and its $100,000 self-insured retention [SIR]. The plaintiff has not alleged any tort claim against the newly-joined defendants.

Under the policy, the insurance company provides coverage for all damages resulting from an uninsured or underinsured motorist in excess of a $100,000 SIR. Plaintiff claims the newly joined defendants are responsible for that SIR and, therefore, have an interest in the outcome of the case rendering joinder *bona fide*, rather than fraudulent.

That argument is unconvincing. Plaintiff's contention that the SIR obligation could be imposed on the newly joined defendants overlooks the fact that, if the child was an insured under

the policy [the *sine qua non* of plaintiff's suit], she has not just the rights but the obligations that status confers.

In other words, as an insured, she is, as such, obligated for the SIR. This is so, because the policy's Schedule of Self-Insured Retentions applies to *all* coverages under the policy, including underinsured motorist coverage

Plaintiff focuses her contention about the SIR on the policy's automobile liability coverage. Plaintiff's claim does not, however, arise under that provision. It arises under the UIM provision found in the Ohio Uninsured and Underinsured Motorist Coverage – Bodily Injury Endorsement. Thus, the definition of "Insured" as the "Named Insured" in the automobile liability section has no effect on the parties' obligations under the SIR provision.

Thus, plaintiff's contention that she is an "insured" for purposes of UIM coverage, but not with regard to her obligation under the SIR provision is not well-taken. If she prevails, she will be responsible as an "insured" for the first $100,000 of the damages she may recover.

I conclude, accordingly, that the plaintiff has failed to state a colorable claim against the newly joined defendants, and that they, therefore, have been fraudulently joined.

### Conclusion

It is therefore,

ORDERED THAT the plaintiff's motion for remand be, and the same hereby is overruled.

A telephone status/scheduling conference is set for Friday, July 14, 2006 at 9:30 a.m.

So ordered.

> s/James G. Carr
> James G. Carr
> Chief Judge

3